**SIGNED THIS: April 14, 2016**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 14-91293 |
| BLAIR M. MINTON, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ROGER L. PRILLAMAN, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 15-9009 |
| | ) | |
| FIRST COMMUNITY BANK OF | ) | |
| GALENA, A BRANCH OF APPLE | ) | |
| RIVER STATE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

# O P I N I O N

This matter is before the Court on a motion for summary judgment filed by First Community Bank of Galena ("FCB Galena") as to Count II of the three-count adversary complaint brought against it by the Chapter 7 trustee, Roger Prillaman ("Trustee"). Because FCB Galena has established as a matter of law that it is entitled to judgment in its favor, the motion for summary judgment will be granted.

## I. Factual and Procedural Background

Blair Minton ("Debtor") filed his voluntary Chapter 7 petition on November 10, 2014. On his Schedule B - Personal Property, the Debtor listed several investments including a 50% ownership interest in BMA Properties, Ltd. On his second amended Schedule B, filed January 26, 2015, the Debtor valued that interest at $542,000. The Debtor listed FCB Galena on his Schedule D - Creditors Holding Secured Claims as being owed a secured debt of $2,530,088.54. The description of the debt states: "Loan secured by all interest of debtor in dividends, distributions, or payment of any kind which debtor is entitled to arising from his ownership interest in BMA Properties, Ltd. $930,077.54 of claim is contingent upon a loan default."

FCB Galena timely filed its proof of secured claim in the amount of $2,399,423.16. FCB Galena's claim is supported by a Loan Agreement executed by the parties on June 27, 2013, a copy of which was attached to the claim. The Loan Agreement provides for the Debtor's total obligation at the

time—$2,530,088.54—to be repaid pursuant to the terms of three separate promissory notes, all of which were also signed on June 27, 2013. Facility A Note was executed in the amount of $1,250,000, requiring annual payments of $163,000 plus 4% interest. Facility B Note was executed in the amount of $350,000, and requires annual payments of $46,000 plus 4% interest. Facility C Note is for $930,088.54. Absent default, Facility C Note is non-interest-bearing and has no set payment schedule. Facility C Note also contains the following language: "Provided that the Facility A Note and Facility B Note are paid in full pursuant to all the terms set forth in the Loan Agreement, this Facility C Note shall be forgiven." Facility C Note also provided, however, that if the Debtor defaulted on the Loan Agreement or the other notes, Facility C Note would be immediately payable in full, with interest. To provide collateral for the three notes, the Debtor executed a security agreement granting FCB Galena a security interest in any distributions made to the Debtor by BMA Properties, Ltd. The security interest was perfected by the timely filing of a UCC financing statement with the Illinois Secretary of State.

      On March 13, 2015, FCB Galena filed a motion for relief from the automatic stay. The motion asserted that the Debtor was in default under the Loan Agreement, entitling FCB Galena to collect the Debtor's distributions from BMA Properties, Ltd., including one post-default distribution in the Trustee's possession. FCB Galena sought the right to collect future distributions directly from BMA Properties, Ltd., as well as a court order directing the Trustee to turn over the distribution in his possession. The Trustee filed an objection to FCB

Galena's motion for relief from the automatic stay, questioning FCB Galena's entitlement to the requested relief. The Trustee also filed an objection to FCB Galena's proof of claim and this three-count adversary complaint.

Count I of the complaint alleges that the Debtor's grant of the security interest in distributions from BMA Properties, Ltd., was a fraudulent transfer that is avoidable. Count II asserts that Facility C Note is unenforceable and any security interest related to it is avoidable because it includes a contractual penalty that violates public policy and Illinois law. Count III asserts that FCB Galena's continuing security interest was cut off by the case filing and therefore is avoidable as to any post-petition dividends issued by BMA Properties, Ltd. FCB Galena filed an answer denying all of the substantive allegations of the Trustee's complaint. FCB Galena then filed its motion for summary judgment as to Count II. The Trustee filed a short response and FCB Galena has replied. The motion is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; 28 U.S.C. §157(a). The issues before the Court relate to the allowance or disallowance of claims against the estate and to the determination of the validity, extent, and priority of liens and therefore are core proceedings. 28 U.S.C. §157(b)(2)(B), (K). The matters before the Court arise from the bankruptcy itself and under the Bankruptcy Code and therefore may constitutionally be decided by a bankruptcy

judge. *See Stern v. Marshall*, 131 S. Ct 2594, 2618 (2011). In their joint pre-trial statement filed February 9, 2016, both parties, through their attorneys, consented to the entry of final orders by this Court. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1948 (2015).

### III. Legal Analysis

*A. Summary Judgment Standards*

Federal Rule of Civil Procedure 56(a), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides, in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. Summary judgment is an encouraged method of resolving issues where no material facts are in dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

In evaluating a motion for summary judgment, a court does not weigh evidence, but rather determines whether there is a genuine issue of disputed material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The movant bears the burden of establishing that no genuinely disputed issue of material fact exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). Once the movant meets that burden, the opposing party must offer specific facts to show that any claimed factual dispute is genuine. *Anderson*, 477 U.S. at 250. The opposing party must show more than some "metaphysical doubt" about the material facts; speculation, bare conclusions, and flat denials are insufficient to raise a genuine factual issue. *Matsushita*, 475 U.S.

at 586; *Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 669 (7th Cir. 2005). Once it has been established that no genuinely disputed issue of fact exists, the movant must then show that controlling substantive law supports entry of judgment in its favor. *See ANR Advance Transp. Co. v. Int'l Brotherhood of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998).

The Local Rules of the District Court for the Central District of Illinois apply to these proceedings. *See* CDIL-LR 1.1(C). Motions for summary judgment and responses to such motions must strictly comply with the local rules. *See* CDIL-LR 7.1(D); *Richardson v. MBNA America Bank, N.A. (In re Clayton)*, 369 B.R. 383, 388 (Bankr. C.D. Ill. 2007); *Johnston v. Campbell (In re Campbell)*, 372 B.R. 886, 890 (Bankr. C.D. Ill. 2007). The Seventh Circuit has endorsed the strict enforcement of local rules pertaining to summary judgment. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994). The failure to comply with local rules may result in serious consequences to the noncompliant party. *Id.* at 922; *Clayton*, 369 B.R. at 388.

Under the local rules, summary judgment motions must contain an introduction, a statement of undisputed material facts with citation to the record for support, and argument. CDIL-LR 7.1(D)(1). The non-moving party must then respond to each alleged undisputed fact by conceding that it is undisputed, by disputing it with citation to the record, or by asserting that the fact is not material with an explanation of the lack of materiality and an acknowledgment of whether the alleged immaterial fact is disputed or undisputed. CDIL-LR 7.1(D)(2). The non-moving party may also list additional undisputed facts with citation to the record

and must also include an introduction and argument in its response. *Id.* The original movant must then reply to the list of additional facts, if any, included in the response by conceding, disputing with support from the record, or by claiming immateriality. CDIL-LR 7.1(D)(3). The failure of either party to appropriately respond to an alleged undisputed fact set forth by the other party is deemed an admission of the fact. CDIL-LR 7.1(D)(2)(b)(6), (D)(3)(b)(6).

FCB Galena's motion for summary judgment complied in all respects with the local rules. The Trustee's response, however, wholly failed to comply with the local rules. The response contains no introduction, no response to FCB Galena's statement of undisputed facts, and no section identified as argument. Instead the response contains nine numbered paragraphs which discuss, in no particular order, some of the facts, some of the relevant documents, and some case law. It is obvious that, despite the scheduling order entered on the motion for summary judgment, which made direct reference to the pertinent sections of the local rules, the Trustee made no effort whatsoever to comply with the local rules in preparing his response. As a result, all of the undisputed facts alleged by FCB Galena are deemed admitted and, as will be explained below, those admitted facts compel the entry of judgment in favor of FCB Galena.

*B. The forgiveness provision of Facility C Note is not a penalty clause.*

The gist of the Trustee's complaint regarding Facility C Note is that, because it contains a provision stating that it will be forgiven if Facility A Note and Facility B Note are paid in full according to their terms, Facility C Note operates as a

penalty that is against public policy and void under Illinois law. Thus the Trustee argues that Facility C Note is unenforceable and cannot support any part of FCB Galena's claimed lien on the dividends from BMA Properties, Ltd. The Trustee bears the burden of proof on the issue. *See XCO Int'l, Inc. v. Pacific Scientific Co.*, 369 F.3d 998, 1003 (7th Cir. 2004).

As FCB Galena correctly points out, whether a contractual provision is an unenforceable penalty is determined by applicable state law. *See United Merchants and Manufacturers, Inc. v. Equitable Life Assurance Society (In re United Merchants and Manufacturers, Inc.)*, 674 F.2d 134, 141 (2d Cir. 1982). Both the Loan Agreement and Facility C Note contain express provisions that they are to be governed by Illinois law and the parties agree that the issues should be decided based on Illinois law.

In a breach of contract case, Illinois law provides that "the proper measure of damages is the amount that will place the nonbreaching party in as satisfactory a position as it would have been had the contract been fully performed." *Med+Plus Neck and Back Pain Center, S.C. v. Noffsinger*, 311 Ill. App. 3d 853, 857, 726 N.E.2d 687, 691 (2000) (citing *Royal's Reconditioning Corp., Inc. v. Royal*, 293 Ill. App. 3d 1019, 1022, 689 N.E.2d 237, 239-40 (1997)). Contractual provisions controlling damages upon breach must be reasonable and related to actual anticipated damages; contractual damage provisions may not include a penalty to punish nonperformance or be used as a threat to secure performance. *Grossinger Motorcorp, Inc. v. American National Bank and Trust Co.*, 240 Ill. App. 3d 737, 750, 607 N.E.2d 1337, 1346 (1992). Thus, Illinois courts have granted parties relief from contractual liquidated damage provisions that are not designed

to compensate for damages but rather are intended to secure performance and punish nonperformance. *See, e.g., Telenois, Inc. v. Village of Schaumburg*, 256 Ill. App. 3d 897, 902, 628 N.E.2d 581, 585 (1993) (contractor entitled to refund of $100,000 drawn by Village on line of credit because the amount was an impermissible penalty); *Grossinger*, 240 Ill. App. 3d at 750, 607 N.E.2d at 1346 (optional nature of liquidated damage clause established that it was never intended to actually compensate for damages).

In the limited argument the Trustee made in response to the motion for summary judgment, he relied on two federal cases interpreting Illinois law. In *Garcia v. Canan*, 851 F. Supp. 327 (N.D. Ill. 1994), a flat 10% late charge, which was assessed regardless of how late a payment was, was determined to be an unenforceable penalty. *Id.* at 329. In *Heath v. U.S. Mortgage, LLC*, 05-CV-0138-MJR, 2006 WL 488642 (S.D. Ill. Feb. 28, 2006), a 5% late charge was similarly found to be an unenforceable penalty. *Id.* at *5. The Trustee did not explain in his response how either case supports his position that the Loan Agreement and Facility C Note are unenforceable.

It is undisputed that the Debtor borrowed and still owes the amounts due on Facility C Note; the Trustee is deemed to have admitted those facts and he does not argue otherwise. Collection of the amounts due on Facility C Note would put FCB Galena in the same position it would be in if the Debtor had honored his original obligations. The amounts that FCB Galena claims are due pursuant to Facility C Note do not include penalties, liquidated damages, or late charges.

The Trustee's only argument that Facility C Note is unenforceable is based on the conditional forgiveness of Facility C Note memorialized in the Note and in

-9-

the Loan Agreement. That forgiveness was, however, expressly conditioned upon the Debtor paying both Facility A Note and Facility B Note according to their terms. And it is not disputed that the Debtor did not pay Facility A Note and Facility B Note and therefore did not comply with the conditions that would have entitled him to forgiveness of Facility C Note. The Trustee suggests that enforcement of Facility C Note constitutes a penalty but the case law does support that argument. The potential forgiveness of certain amounts actually owed in consideration of the timely payment of other obligations is a permissible incentive offered by FCB Galena to the Debtor. The Debtor's failure to make the payments necessary to obtain the offered incentive does not result in the recasting of any part of the Debtor's original obligation to FCB Galena as an impermissible, unenforceable penalty.

FCB Galena has established as a matter of fact and law that Facility C Note represents actual amounts owed by the Debtor to FCB Galena. The Trustee has admitted all relevant facts and has made no credible legal argument that enforcement of Facility C Note is barred by public policy considerations. Summary judgment will be entered in favor of FCB Galena and against the Trustee on Count II of the complaint.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###